UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHAWN MICHAEL CAMERON, JOSE ANTONIO VELEZ, RICHARD ANTONIO SALAS, JR., RAYMOND LOUIS AVALOS, JEROME JAMES LANDEROS, ARMANDO NUNEZ, JONATHAN OMAR MARIN MOJARRO, JOHN ANTHONY REYNA, CALIXTRO ISRAEL SANCHEZ, LEONARD LUERA, CHRISTOPHER ANTHONY MEDRANO, CARLOS ENRIQUEZ, MANUEL ALEJANDRO GARCIA, GAMALIEL GUERRA, VANESSA MARIN MOJARRO CAMERON, DAVID RAY SANCHEZ, FLORENTINO TORRES ACOSTA, SALVADOR ZAMORA, JR., ANTONIO SANTOS PEREZ, ERNESTO CASTRO, FELIX ALEJANDRO, JESUS RAMON SERRANO, DAVID RENE TERRAZAS,<br><br>　　　　　Defendants. | 1:10-cr-0211 OWW<br>1:10-cr-0346 OWW<br>1:10-cr-0363 OWW<br>1:11-cr-0051 OWW<br>1:11-cr-0220 OWW<br><br>(1) ORDER RELATING CASES FOR LIMITED PURPOSES<br><br>(2) ORDER TO SHOW CAUSE RE: DECLARATION OF FINDING OF COMPLEXITY<br><br>(3) ORDER RE: SERVICE OF PAPERS IN CASE-RELATED MATTERS |

A Case Management Conference was held in this case, No. 1:10-cr-0211 OWW on September 15, 2011. The parties discussed their progress in discovery and the future schedule of the case.

1

I.  **CASE REASSIGNMENT**.

Based upon the retirement of the assigned judge, this case and related cases will be re-assigned at random to a new judge.

The following orders are appropriate to enter now to facilitate management of this case.

II.  **DECLARATION OF FINDING OF COMPLEXITY**.

Based on the complexity of these cases arising from the number of Defendants, over 30, and alleged over-arching conspiracy involving a large number of persons allegedly conducting drug trafficking activities; the volume of discovery consisting of approximately 19,000 pages and numerous audio tapes; and the identity of issues that overlap, based on use of the same affidavits, declarations and supporting evidence for the issuance of wire taps, pen registers, search warrants, and other search and seizure methods used to investigate, identify and seize evidence in this case.

Because of the necessity to combine hearing of all motions challenging the investigation and gathering of evidence in this case, ALL PARTIES SHALL SHOW CAUSE, if any they have, why all of these cases should not be declared complex within the meaning of the Speedy Trial Act.  This means that time shall be excluded through and including the hearing and decision on all suppression and related motions directed toward the investigation, location, seizure and production of evidence in the case.  It is also necessary that coordinated dates be fixed for a joint case management conference to set the schedule for omnibus hearing on all suppression motions.  Any opposition to this Order to Show Cause shall be filed on or before September 29, 2011.  The

government shall have through and including October 6, 2011 to respond, any opposition or non-opposition by Defendants shall be filed by October 14, 2011, whereupon the issue of the declaration of case complexity shall be made by the assigned judge on the papers submitted. Any party agreeing with the complexity designation shall file a statement of consent or non-opposition to this Order to Show Cause. All Defendants and the government are required to respond to this Order to Show Cause in all of the related cases in which a complexity finding has not yet been ordered.

III. <u>RELATION FOR PURPOSES OF SUPPRESSION MOTIONS</u>.

The court finds that the following cases:

1. The original case, *United States v. Cameron* case, No. 1:10-cr-0211 OWW; and

2. 1:10-cr-0346 *United States v. Martinez*;

3. 1:10-cr-0363 *United States v. Felipe Ramirez*;

4. 1:11-cr-0051 *United States v. Robert Salazar*; and

5. 1:11-cr-0220 *United States v. Jose Antonio Velez* (Cameron II)

shall be related for the purposes of discovery and motions directed to the sufficiency, legal grounds for, and any motions to suppress or traverse any search warrants, wiretaps, and other procedures and orders obtained to investigate, identify, and seize evidence in this case.

Under this relation order, henceforth, all parties in these related cases shall be served with and receive copies of electronic discovery pertaining to said motions.

All attorneys, when addressing discovery and any other matters pertaining to the contemplated motions, shall serve all other parties in all of the related cases.

This order of relation shall pertain only to the scheduling, preparation, opposition to, hearing, and decisions on motions directed toward challenging the investigation, location, seizure, and production of evidence in the case; not for any other purposes, including trial.

IV. **PROTECTIVE ORDERS**.

The court has previously entered protective orders, which have been narrowed. The protective orders shall pertain to all the subject matter of all motions in support and opposition to evidentiary suppression issues described in this Case Management Order, pending further order of the court.

V. **CASE NUMBER**.

The Clerk's Office is requested to designate a numbering system whereby a sub-number within the related cases can be used to identify all papers filed relating in any way to the motions contemplated by this order to assure that all parties are served with and receive copies of motions and other filings related to such motions.

It is contemplated that there will be one omnibus hearing on suppression motions involving all Defendants in these cases, based on the government's theory and allegation of an over-arching conspiracy involving all Defendants.

VI. **REQUEST FOR SINGLE JUDGE AND CASE MANAGEMENT ORDER**.

These cases have previously been assigned to a single judge. The assigned judge has entered an order relating the above-listed

cases for the purposes of all suppression motions that will challenge the legality and admissibility of evidence seized pursuant to various court orders authorizing wiretaps, search warrants, and related procedures.  The court recommends for continuity, conservation of party and court resources, avoidance of inconsistent rulings, and for judicial economy that all the cases listed above continue to be assigned to one judge to avoid duplication of effort, inconsistent rulings, legal research, and needless expenditure of judicial time.

Once a judge has been selected at random, it is recommended that the Chief Judge assign all of the above listed cases to that single judge for all purposes, including trial.

It is recommended that the new presiding judge hold a scheduling conference within thirty days with a view toward establishing a briefing schedule and hearing dates for the contemplated motions for which these cases have been related.

IT IS SO ORDERED.

Dated:   September 16, 2011              /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE